WO **JWB**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Lorenzo Santiago DeBarge, | No. CV 06-0782-PHX-EHC (MHB) |
| Plaintiff, | **ORDER** |
| vs. | |
| Linda Avery, | |
| Defendant. | |

Plaintiff Lorenzo Santiago DeBarge brought this civil rights action under 42 U.S.C. § 1983 against Maricopa County intake nurse Linda Avery (Doc. # 11). Avery moved to dismiss for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act (PLRA) (Doc. # 29). Plaintiff responded, and Avery replied (Doc. ## 32-33). The Court will grant Avery's motion and dismiss this action without prejudice.

**I.    Background**

Plaintiff's sole count in his Second Amended Complaint was that his Eighth Amendment rights were violated by Jane Doe Intake Nurse when she deliberately ignored his obvious need for medical attention when he was evaluated by her upon entering the Fourth Avenue Jail on November 17, 2005 (Doc. # 11 at 4). Plaintiff alleges he entered the jail with a chipped tooth, a bleeding mouth, head wounds, a burst blood vessel in his left eye, and a finger that was '"spurting"' blood where his fingernail had been '"bitten off"' (id.). The Court ordered Avery to answer the Second Amended Complaint.   Plaintiff eventually

substituted Linda Avery for the Jane Doe Intake Nurse, and she filed a Motion to Dismiss (Doc. # 23, 29).

In her motion, Avery contended that Plaintiff failed to exhaust his administrative remedies as required by the PLRA, 42 U.S.C. § 1997e(a) (id.). In support, Avery submitted (1) an affidavit of Susan Fisher, (2) a copy of the Maricopa County Sheriff's Office (MCSO) Inmate Grievance Procedure, (3) blank copies of grievance forms, and (4) copies of grievances Plaintiff has filed (id., Exs. A-D). Fisher, a Sergeant assigned to the Inmate Hearing Unit, attested that inmates are notified of the grievance procedure when they receive the MCSO Rules and Regulations (id., Ex. A, Fisher Aff. ¶ 4). Fisher further attested that her search of the grievance records reflected that Plaintiff filed twelve grievances while in Maricopa County custody, two of which were related to medical care on November 17, 2005, but that the first grievance was informally resolved and the second grievance was untimely (id. ¶¶ 8-13).

The Court issued an Order informing Plaintiff of his obligation to respond and the evidence necessary to successfully rebut Avery's contentions (Doc. # 30).[1] In response, Plaintiff stated that he did fully exhaust his claim and attached copies of his grievances (Doc. # 32).

In her reply, Avery contended that Plaintiff failed to *timely* grieve his claim and that exhaustion according to the jail's procedural rules is required. She points out that Plaintiff filed his first grievance regarding Plaintiff's November 17, 2005 entry to the jail in January 2006 and failed to appeal that grievance. Plaintiff attempted to begin the grievance process again in April 2006, after Plaintiff filed this lawsuit (Doc. # 33).

**II.    Legal Standard**

    **A.    Exhaustion**

Plaintiff must first exhaust "'available'" administrative remedies before bringing this action. See 42 U.S.C. § 1997e(a); Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir.

---

[1] Notice required under Wyatt v. Terhune, 315 F.3d 1108, 1120 n. 14 (9th Cir. 2003).

2006); Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005).  He must complete the administrative review process in accordance with the applicable rules.  See Woodford v. Ngo, 548 U.S. 81, 92 (2006).  Exhaustion is required for all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001).

Exhaustion is an affirmative defense.  Jones v. Bock, 549 U.S. 199, 216 (2007).  Defendants bear the burden of raising and proving the absence of exhaustion.  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  Because exhaustion is a matter of abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide disputed issues of fact.  Id. at 1119-20.  Further, a court has broad discretion as to the method to be used in resolving the factual dispute.  Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

### III. Analysis

As stated, Defendant bears the burden of proving lack of exhaustion and therefore must demonstrate that there were remedies available to Plaintiff.  See Wyatt, 315 F.3d at 1119; Brown, 422 F.3d at 936-37.  Avery contends that Plaintiff failed to exhaust his claim that she was deliberately indifferent to his serious medical needs upon his entry into the Fourth Avenue Jail on November 17, 2005.

Plaintiff responds that he did exhaust his claim and submits copies of an initial grievance, an institutional appeal, and an external appeal (Doc. # 32).  But Plaintiff has failed to properly exhaust his claim because these grievances were filed *after* Plaintiff filed his Complaint in this matter.  The PLRA mandates that an inmate exhaust remedies *before* filing a lawsuit; exhausting remedies during the course of the lawsuit does not comply with the requirement.  McKinney v. Carey, 311 F.3d 1198, 1120-21 (9th Cir. 2002).  The statute itself states that "[n]o action shall be brought . . . until [the prisoner's] administrative remedies . . . are exhausted."  42 U.S.C. § 1997e(a).  In addition, requiring dismissal where the inmate fails to exhaust before filing provides a strong incentive that will promote the Congressional objectives behind the exhaustion requirement—affording officials time and opportunity to

address complaints internally, filtering out frivolous claims, and development of an administrative record. McKinney, 311 F.3d at 1200-01. See also Holcomb v. Fleeman, 2007 WL 3231588, at *2 (E.D. Cal. 2007) (inmate's concession that he did not obtain a Director's level decision until after the lawsuit was filed "is fatal to his action") (citing Woodford, 126 S. Ct. at 2383; McKinney, 311 F.3d at 1199-1201). Plaintiff's attempt to exhaust after he filed his Complaint does not constitute exhaustion.

Moreover, the grievance Plaintiff filed in January 2006 does not constitute exhaustion because it was untimely (having been filed more than two months after his November 17, 2005 entry to the jail) and because he failed to appeal it. Woodford, 548 U.S. at 92. And the evidence reflects that Plaintiff was very familiar with the grievance procedure, having filed numerous grievances about a variety of issues while incarcerated in the Maricopa County Jail (Doc. # 29, Exs). In sum, Plaintiff failed to exhaust his administrative remedies before filing suit. The Court finds that Avery has met her burden to establish nonexhaustion. The Court will grant her motion and dismiss this action without prejudice.

**IT IS ORDERED:**

(1) Defendant's Motion to Dismiss (Doc. # 29) is **granted.**

(2) This action is dismissed without prejudice for failure to exhaust. The Clerk of Court is directed to enter judgment accordingly.

**DATED** this 25th day of March, 2009.

Earl H. Carroll
United States District Judge

- 4 -